EDWIN A. ROCKWELL vs. ANNA F. HOLDEN, Ex'x.

PROVIDENCE—OCTOBER 29, 1900.

22    243
f22    244

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Probate Appeals.*

A Probate Court has no jurisdiction to revoke an order by which an instrument was admitted to probate as the last will and testament of a decedent, after the expiration of the time limited for claiming an appeal, upon a petition setting out ignorance, on the part of a non-resident heir at law, of the statutory proceedings.

APPEAL from the order of the Probate Court of Warwick, dismissing for want of jurisdiction a petition for the revocation of an order admitting a will to probate. The facts were these:

A non-resident nephew of the testator, after the expiration of forty days from the entry of the order admitting the will to probate, filed his petition in the Probate Court, setting out that he was the sole heir and next of kin of the deceased; that the only notice given of the pendency of the petition for the probate of the will was by publication in a local weekly newspaper; that he was ignorant of said notice, and heard of the death of the testator three weeks after the admitting of the will to probate, and did not learn of the existence of the will until after the expiration of the period within which an appeal could be claimed from the order of the Probate Court. The petition prayed for an order revoking the decree by which the will was admitted to probate, and for a rehearing of the cause.

This petition was dismissed by the Probate Court, upon hearing, for want of jurisdiction. Thereupon an appeal was taken from the order of the Probate Court, under the provisions of the statute governing such appeals, to the Appellate Division of the Supreme Court, jury trial being waived. Heard, and appeal dismissed.

(1)    PER CURIAM. The appeal is dismissed upon the ground that the Court of Probate had no jurisdiction to make the

order asked for.   Gen. Laws cap. 209, § 11.   *Hammond* v. *Hammond*, 19 R. I. 400.

*P. J. McCarthy and George B. Barrows*, for appellant.
*Cooke & Angell*, for appellee.